IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY PETILLO,<br><br>  Plaintiff,<br><br>  v.<br><br>D. BAUGHMAN, et al.,<br><br>  Defendants. | No. 2:19-CV-0667-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 7) alleging violations of his rights under the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment. The document docketed as Plaintiff's second amended civil rights complaint (ECF No. 18) is construed as a motion for discovery, as such the motion is denied as premature.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

1

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names nine Defendants: (1) D. Boughman, (2) Clough, (3) Hainey, (4) Mallet, (5) Jones, (6) Porter, (7) Herrera, (8) Castillo, and (9) Villasenor.  Plaintiff alleges Defendant Jones struck him in the chest while he was in the yard, causing Plaintiff to suffer a laceration wound, violating his Eighth Amendment rights.  Plaintiff also alleges Jones used derogatory, discriminatory, homophobic, and racist language, violating Plaintiff's Fourteenth Amendment rights.   Plaintiff contends Defendants Hainey and Mallot ordered him to be strip searched without cause or justification in violation of the Fourth Amendment.  Further, Plaintiff

alleges Mallot, Herrera, Castello, and Villasenor slammed him against a metal cage in violation of his Eighth Amendment right against cruel and unusual punishment.  In addition, Plaintiff alleges Herrera grabbed, touched, and groped his genitalia, attempting to arouse Plaintiff in violation of his Eighth Amendment rights.  Finally, Plaintiff alleges Herrera and Costello, improperly strip searched him in violation of his Fourth Amendment rights. Plaintiff alleges no facts indicating Defendants Clough, Baughman, or Porter violated any of his constitutional rights.

### III.  ANALYSIS

Plaintiff has alleged sufficient facts for his claims against Defendants Jones, Hainey, Mallot, Herrera, Castello, and Villasenor to proceed past screening.

**A.   Defendant Porter**

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)).  Claims must be stated simply, concisely, and directly.  See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff has alleged no facts indicating Defendant Porter violated any of Plaintiff's constitutional rights.  The only factual information this Court was able to find related to Porter in the complaint was that Porter stated, "I'll go get him some boxer shorts." ECF No. 7 at 7.  This is not sufficient to state a claim against Porter as it does not establish a constitutional violation.

1  Because Plaintiff has failed to show that Porter violated any constitutional right which would

2  entitle Plaintiff to relief, Plaintiff has failed to meet the Rule 8 pleading standard. See <u>Kimes v.

3  Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Thus, Plaintiff's claim against Porter cannot pass

4  screening.

### B. Defendants Baughman and Clough

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See <u>id.</u> The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See <u>Redman v. Cnty of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." <u>Iqbal</u>, 662 U.S. at 676.

Plaintiff's claims against Defendants Baughman and Clough are based on supervisory liability. Plaintiff alleges no facts indicating Baughman and Clough engaged in any activity that violated Plaintiff's constitutional rights. Rather, Plaintiff asserts, because Baughman and Clough are in supervisory positions, they are liable for the alleged violations of their

subordinates. This is an improper theory of liability under section 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, Plaintiff does not allege there is a deficient policy implemented by Baughman and Clough. Plaintiff's allegations, in fact, are the exact opposite, that Baughman and Clough's subordinates violated existing policy when they allegedly violated Plaintiff's constitutional rights. For these reasons, Plaintiff's claims against Baughman and Clough cannot pass screening.

## IV. AMENDING THE COMPLAINT

Because it may be possible for the deficiencies identified in this order to be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may file a second amended complaint within 30 days of the date of service of this order; and

3. Plaintiff's filing, which was docketed as Plaintiff's second amended civil rights complaint (ECF No. 18), is construed as a motion for discovery, and as such the motion is DENIED.

Dated: September 9, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE