1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SIDNEY PETILLO,                              No.  2:19-CV-0667-TLN-DMC-P

12                  Plaintiff,

13          v.                                    FINDINGS AND RECOMMENDATIONS

14   D. BAUGHMAN, et al.,

15                  Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court is plaintiff's second amended complaint (ECF No.

19   24).

20          The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

27   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

                                                 1

1  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

2  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

3  with at least some degree of particularity overt acts by specific defendants which support the

4  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

5  impossible for the court to conduct the screening required by law when the allegations are vague

6  and conclusory.

7

8                              **I.  PLAINTIFF'S ALLEGATIONS**

9               Plaintiff names nine defendants from California State Prison, Sacramento: (1) D.

10  Boughman, (2) Clough, (3) Hainey, (4) Mallot, (5) J. Jones, (6) Porter, (7) Herrera, (8) Castello, and

11  (9) Villasenor.  Plaintiff alleges that on February 7, 2018 defendant Jones struck plaintiff in the chest

12  while plaintiff was restrained, causing plaintiff to suffer a laceration wound, violating his Eighth

13  Amendment rights.  Plaintiff also alleges defendant Jones used derogatory, discriminatory,

14  homophobic, and racist language towards plaintiff in violation of his Fourteenth Amendment rights.

15  Plaintiff claims defendants Hainey and Mallot ordered plaintiff to be strip-searched without cause or

16  justification, violating his Fourth Amendment rights.  Plaintiff contends defendants Hainey, Mallot,

17  Herrera, Costello, and Villasenora slammed plaintiff into a metal cage, causing him to suffer injury to

18  his left shoulder, elbow, and face, in violation of his Eighth Amendment rights.  Additionally, plaintiff

19  alleges defendant Herrera groped Plaintiff's genitalia in an attempt to arouse and humiliate him, in

20  violation of his Eighth Amendment rights.  Finally, plaintiff alleges defendants Herrera, Costello, and

21  Villasenora improperly strip-searched Plaintiff in violation of his Fourth Amendment rights.  Plaintiff

22  does not allege any facts indicating defendants Baughman, Clough, or Porter violated any of his

23  constitutional rights.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**II. DISCUSSION**

Plaintiff alleges sufficient facts to allege cognizable claims against defendants Jones, Hainey, Mallot, Herrera, Costello, and Villasenora and, by separate order, the Court has directed these defendants be served.  However, Plaintiff has failed to allege facts indicating cognizable claims upon which relief can be granted against defendants Baughman, Clough, or Porter.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The Court previously gave plaintiff leave to amend his first amended complaint (ECF No. 18) to include facts stating cognizable claims against defendants Baughman, Clough, or Porter.  See ECF No. 22.  However, plaintiff does not appear able to allege any facts that indicate defendants Baughman, Clough or Porter violated his constitutional rights.  Plaintiff never mentions defendants Baughman or Clough being involved in the events on February 7, 2018.  Also, defendant Porter is mentioned only insofar as Porter appears to have stepped in to end the strip-search and give plaintiff a pair of trousers.  See id. at 11-12. Thus, it is clear that plaintiff is incapable of describing, with any particularity, these defendants' involvement in his alleged constitutional deprivations and granting further leave to amend would be futile.

/ / /

/ / /

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. The defendants Baughman, Clough, and Porter be dismissed from this action; and

2. Plaintiff's action shall proceed on his remaining Fourth, Eighth, and Fourteenth Amendment claims against defendants Jones, Hainey, Mallot, Herrera, Costello, and Villasenora.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 19, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4