UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY PETILLO,<br><br>            Plaintiff,<br><br>      v.<br><br>HAINEY, et al.,<br><br>            Defendants. | No.  2:19-cv-00667-TLN-DMC<br><br>**ORDER** |

Plaintiff, a prisoner proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion "on consent for affirming judgment." (ECF No. 35.)

Plaintiff's motion is roughly hand-written, contains various fragmented sentences, and is generally difficult to understand.  However, the Court interprets Plaintiff's motion as a request for this Court to reconsider its July 16, 2020 order adopting the Magistrate Judge's June 19, 2020 findings and recommendations.  In its July 16, 2020 order, the Court dismissed various Defendants from Plaintiff's action and allowed his complaint to proceed against the remaining Defendants.  Plaintiff now appears to request that the Court reconsider these dismissals.

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th

Cir. 1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. *See* Fed. R. Civ. P. 60(a). Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. *See* Fed. R. Civ. P. 60(b)(1)–(3).

The Court is also authorized to reconsider a non-final order under its inherent powers and Federal Rule of Civil Procedure 54(b). *See* Fed. R. Civ. P. 54(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). With respect to non-final orders, the Ninth Circuit has recognized that "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Santa Monica Baykeeper*, 254 F.3d at 885 (internal quotation marks omitted). A district court may reconsider and reverse a previous interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in the controlling law. *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). Still, a court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

Here, the Court finds that reconsideration of its July 16, 2020, non-final order is not warranted. Plaintiff's motion vaguely asks that the Court "amend [its] decision" but does not

provide further explanation.  (*See* ECF No. 35.)  Plaintiff's motion references numerous prior cases but does not explain what legal principles he means to invoke, nor how they relate to his current motion.  Plaintiff also does not make any sort of argument that either: (1) there has been an intervening change in controlling law; (2) new evidence has become available which warrant consideration; or (3) there has been either a clear error or credible risk of manifest injustice.  Because there do not appear to be proper grounds upon which to grant reconsideration of the Court's adopting order, Plaintiff's motion for reconsideration is DENIED.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion "on consent for affirming judgment" (ECF No. 35) is DENIED; and

2. No further motions for reconsideration of the adopting order (ECF No. 34) will be considered.

DATED:  August 18, 2020

_____
Troy L. Nunley
United States District Judge