IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY PETILLO,<br><br>          Plaintiff,<br><br>     v.<br><br>HAINEY, et al.,<br><br>          Defendants. | No. 2:19-CV-0667-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are: (1) Plaintiff's motion for the appointment of counsel, ECF No. 55; and (2) Plaintiff's "motion" for referral of this matter to the Court's alternative dispute resolution program, ECF No. 56.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  A review of the docket reflects that Plaintiff has been able to articulate his claims and the Court has determined the action is appropriate for service.  Further, the legal issues in this case – excessive force and improper strip-search – are neither legal nor factually complex.  Finally, at this stage of the proceedings before discovery has been completed, the Court cannot find that Plaintiff has any particular likelihood of success on the merits.  Plaintiff's motion for the appointment of counsel will be denied.

Plaintiff has also filed a purported stipulation for referral of this matter to the Court's Voluntary Dispute Resolution Program.  The stipulation is rejected because it has not been signed by counsel for Defendants.  Should counsel for Defendants agree to participation in alternative dispute resolution, the Court will entertain a properly executed stipulation to that effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel, ECF No. 55, is denied;

2. Plaintiff's "stipulation" for referral to the Court's alternative dispute resolution program, ECF No. 56, is rejected; and

3. The Clerk of the Court is directed to terminate ECF No. 56 as a pending motion.

Dated:  October 30, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE