IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY PETILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAINEY, et al.,<br><br>　　　　　Defendants. | No. 2:19-CV-0667-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's "motion of notice of deposition discovery of evidence." ECF No. 58.

Plaintiff's motion is incoherent and does not clearly identify any grounds for relief. Id. Plaintiff also does not clearly identify what relief he is seeking other than stating the Court should hold Defendants in default. Id. Instead, Plaintiff cites a litany of state and federal procedural rules and California state regulations and provides a "summary of notice of employee misconduct." Id. at 1–2. Plaintiff does, however, state that the Defendants had 14 days from September 28, 2020 to take some action but apparently did not do so because Plaintiff did not sign a legal notice until October 8, 2020. Id. What Plaintiff's means by his statement is unclear. See id. Plaintiff also writes that Defendants have deliberately manipulated the law and failed to give some type of "notice." See id. at 2.

1   Given Plaintiff's focus on delay and a lack of notice, as well as his request for
2 default judgment, the Court construes his motion as a motion to compel discovery. The Court's
3 interpretation is bolstered by Plaintiff's citation, in the title of his motion, to Federal Rules of
4 Civil Procedure 30, 31, 33, 34, which all concern some type of discovery. <u>See</u> <u>id.</u> at 1.
5   The purpose of discovery is to "remove surprise from trial preparation so the
6 parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v.</u>
7 <u>Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule
8 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery
9 permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

14 Fed. R. Civ. P. 26(b)(1).
15   Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery
16 may move for an order compelling an answer, designation, production, or inspection." Fed. R.
17 Civ. P. 37(a)(3)(B). A party may make such a motion if, for instance, a party fails to answer an
18 interrogatory or fails to produce requested documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(4).The
19 Court may also order a party to provide further responses to an "evasive or incomplete disclosure,
20 answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage
21 discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt</u>
22 <u>v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl.</u>
23 <u>Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).
24   The party moving to compel bears the burden of informing the Court (1) which
25 discovery requests are the subject of the motion to compel, (2) which of the responses are
26 disputed, (3) why the party believes the response is deficient, (4) why any objections are not
27 justified, and (5) why the information sought through discovery is relevant to the prosecution of
28 this action. <u>McCoy v. Ramirez</u>, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

WL 3196738, at *1 (E.D. Cal. June 9, 2016); <u>Ellis v. Cambra</u>, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

Plaintiff has not met the burden of showing why a motion to compel is necessary. He has not identified any discovery requests that are disputed. Other than his broad statement of "employee misconduct" and allegation that Defendants have manipulated the law, Plaintiff has not indicated how Defendants' responses to discovery requests are incomplete or evasive. Indeed, Plaintiff has not shown that any responses to any discovery requests are deficient

Moreover, Rule 37(a)(1) requires a motion to compel to include a certification that the moving party has, in good faith, conferred or attempted to confer with the non-moving party in order to obtain disputed discovery without Court action. Fed. R. Civ. P. 37(a)(1). The Court's October 19, 2020 scheduling order specifically stated that the parties must comply with Rule 37. ECF No. 54 at 2. Plaintiff's motion contains no certification. <u>See</u> ECF No. 58.

Plaintiff's motion is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: January 7, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3