**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIDNEY PETILLO,<br><br>    Plaintiff,<br><br>  v.<br><br>HAINEY, et al.,<br><br>    Defendants. | No. 2:19-CV-0667-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for summary judgment. ECF No. 60. Defendants oppose granting summary judgment. ECF No. 61. The undersigned United States Magistrate Judge recommends denying the motion.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff's motion is insubstantial. Plaintiff merely states that he initiated the present action because of excessive force and an unconstitutional search and seizure. Id. at 1. Plaintiff states that the Court told him that he would be deposed but "no statute initiatives has been taken by the court." Id. 1–2. He then requests judgment be entered in his favor and asks the Court to notify Defendants that he is ready for trial. Id. at 2.

///

## II. DEFENDANTS' RESPONSE

Defendants oppose Plaintiff's motion for summary judgment. ECF No. 61. Defendants, in sum, argue that Plaintiff's motion is procedurally defective because it does not comply with Federal Rule of Civil Procedure 56 and Local Rule 260(a). Id. at 1. They argue that Plaintiff must establish that there is no dispute as to any material fact and that he is entitled to judgment as a matter of law. Id. Because Plaintiff's motion does not contain any factual discussion or supporting evidence, the motion fails to comply with the requirement that Plaintiff demonstrate the absence of a genuine dispute of material fact and that he support his motion with specific, undisputed facts. Id. at 2. Defendants cannot adequately respond to Plaintiff's vague motion because Plaintiff fails to assert any clear basis for judgment in his favor. Id. The motion, in Defendants' view, should thus be denied. Id.

## III. DISCUSSION

The undersigned dispenses with any involved summary judgment analysis because, as noted below, Plaintiff's motion is procedurally defective. But the Court notes that summary judgment is available when the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); InteliClear, LLC v. ETC Global Holdings, Inc., 978 F.3d 653, 657 (9th Cir. 2020); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir 2007). The party moving for summary judgment bears the initial burden of identifying the portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim. InteliClear, 978 F.3d at 657. Plaintiff has not met that burden; indeed, his motion is bereft of any factual discussion whatsoever. See ECF No. 60. Plaintiff has not demonstrated the lack of a genuine dispute as to material fact.

Plaintiff's motion is further defective because it does not comply with Local Rule 260(a). This Court's local rules require motions for summary judgment to be submitted with a "Statement of Undisputed Facts." L.R. 260(a). A statement of undisputed facts must list the each of the specific material facts upon which the motion for summary judgment relies. Id. The

statement must also cite to specific portions of the factual record on which the motion relies. Id. For example, the moving party may cite to a pleading, affidavit, deposition, or admission in establishing a fact. Id. Plaintiff has not filed a statement of undisputed facts. See ECF No. 60. His motion is consequently defective because it does not comply with this Court's procedural rules.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's motion for summary judgment (ECF No. 60) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE